[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
INTRODUCTION
The present action is brought by the plaintiff City of New Britain through its zoning enforcement officer, Norman F. Wnuk, against the defendant David E. Yuille for allegedly violating its zoning regulations by parking a former greyhound bus in a residential district.
The defendant maintains that as the bus has been converted to a camper, it is no longer a commercial vehicle and thus is exempt from the zoning regulation.
 II
DISCUSSION
 a.
The applicable New Britain regulation is subsection 240-50-30 which states:
 Not more than one commercial vehicle shall be housed or parked in a private garage or offstreet parking area. Such commercial vehicle shall not exceed a gross motor vehicle weight of 10,000 pounds.
(Exhibit A.)
This court must determine whether the bus is a commercial vehicle as there is no question that the subject vehicle CT Page 2673 weighs more than 10,000 pounds. The application for registration indicates that the vehicle has a light weight of 28,940 pounds and a gross weight of 30,820 pounds. (Exhibit 2). The evidence introduced at trial certainly suggests that the bus can be called a camper. The certificate of title lists the vehicle under model name as a "private coach". Under body style, it is a "camper". (Exhibit 1). The application for registration under model states "privat" [sic] and under body; style, "camper-10". (Exhibit 2). The registration has similar designations. (Exhibit 2). Printouts of the 1990 and 1991 grand lists also reference the vehicle as a camper. (Exhibits C and D). The vehicle was purchased from Greyhound in 1973 to be used as a camper and the interior of the bus has been clearly transformed into living quarters. (Exhibit 3). The vehicle is 40 feet long, 7 feet wide, 10 1/4 feet high and is owned by Mr. Yuille's business, the Yuletide Advertisement Agency. It is not used to transport people in the traditional sense.
 b.
It is important to note that prior to this action there have been at least two proceedings concerning this bus. First, the defendant applied for a variance from section 240-50-30 with the Zoning Board of Appeals. This petition was denied on December 26, 1989 and reaffirmed on February 28, 1990. (Exhibits 4, J, K). No appeal was taken from those decisions. Second, on or about May 17, 1991, the defendant entered a plea of nolo contendere before this court for violating said regulation.[1] Neither of these events ultimately control the decision in this case.
 c.
Storage of this bus offends some but not all of Mr. Yuille's neighbors. Pictures were introduced showing the bus as well as the fence which Mr. Yuille built. (Exhibits B-1, B-2). Mr. Knopf, who lives at 32 Ledyard Street, one house removed, has been bothered by the bus as he can see it over the fence. Mr. Paul, who lives in back of Mr. Yuille, and Mrs. Zalewski, who lives across the street are not bothered by the bus.
 d.
The word "commercial" is not defined in the plaintiff's regulations; had it been, we would be bound by that definition. Danbury v. Corbett, 139 Conn. 379, 384 (1953). This is court may not supply omissions to the ordinance. State v. Nelson, 126 Conn. 412, 416 (1940). As both parties acknowledge, however, the motor vehicle statutes do provide the necessary definition. General Statutes section 14-1 (11) provides us with CT Page 2674 the following definition:
 (11) "Commercial motor vehicle" means a vehicle designed or used to transport passengers or property, except a vehicle used for farming purposes, fire fighting apparatus or other authorized emergency vehicles, or a recreational vehicle, which (A) has a gross vehicle weight rating of twenty-six thousand and one pounds or more; (B) is designed to transport sixteen or more passengers, including the driver, or is designed to transport ten or more passengers, including the driver, and is used to transport students under the age of twenty-one years to and from school; or (C) is transporting hazardous materials and is required to be placarded in accordance with the Code of Federal Regulations Title 49, Part 172, Subpart F, as amended;
It is clear from this definition that certain vehicles are excepted: farming, fire, emergency, and recreational vehicles fall outside the definition of commercial vehicles. Section 14-1 (64) states that `Recreational vehicles' includes the camper, camp trailer and motor home class of vehicles "Camper" is defined in section 14-1 (8) as "any motor vehicle designed or permanently altered in such a way as to provide temporary living quarters for travel, camping or recreational purposes." Finally, "Motor Home" is defined at section 14-1 (45) as "a vehicular unit designed to provide living quarters and necessary amenities which are built into an integral part of, or permanently attached to, a truck or van chassis."
The only conclusion this court can reach from the evidence is that the defendant's bus falls within the definition of a camper or recreational vehicle. While it may once have been designed and used to transport passengers, it is no longer used for that purpose. As a recreational vehicle, it is not a commercial vehicle as defined in General Statutes section 14-1 (11).
 III
Conclusion
As the defendant's bus now qualifies under General Statutes section 14-1 as a recreational vehicle rather than a commercial vehicle, Section 140-50-30 of the New Britain zoning regulations does not apply. Accordingly, plaintiff's request CT Page 2675 for injunctive relief and damages is denied. Judgment to enter for the defendant.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT